WOLF, J.,
Concurring and Dissenting.
I concur with the decisions of the court to affirm the conviction and to uphold restitution in favor of the county. I dissent, however, from the decision to go en banc for substantially the same reasons expressed by Judge Kahn and Judge Ervin.
I also feel that I must address two matters raised by Judge Allen’s concurrence. I challenge the implication that the restitution issue had anything to do with the vote of the court to go en banc. I suggest, rather, that it is an attempted after-the- *116 fact justification for a decision which otherwise cannot be justified.[6]
I am also concerned with the statement that “involvement of a particular party” might justify exercise of the court’s en banc jurisdiction. If this statement implies that the name of a particular person involved in the ease affects the quantum of consideration and scrutiny available in a particular ease, I strongly disagree.[7] A party is entitled to the same consideration from this court whether his name is Child-ers or Smith. To do otherwise would place more importance on personalities than equal application of the rule of law.

. While I agree with the result reached by the majority on the restitution issue, I question its overall importance in light of how rarely a local government is a victim and because this is an issue which can easily be remedied by the Legislature.

. If this statement is intended to convey the message that there may be an important issue affecting the duties of a person who holds a particular office and rising to the level of exceptional importance, I do not argue with this concept.